[S. F. No. 660.   Department Two.—November 10, 1897.]

S. M. BUCK, Appellant, v. CITY OF EUREKA, Respondent.

MUNICIPAL CORPORATIONS—FORM OF JUDGMENT.—A judgment against a municipality should be in form a general judgment, although it and the liability on which it is based can, under section 18 of article XI of the constitution, only be paid out of the municipal revenues of the fiscal year in which the liability was incurred.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order modifying such judgment.   G. W. Hunter, Judge.

The facts are stated in the opinion of the court and in the opinion rendered on the former appeal reported in 109 Cal. 504.

F. A. Cutler, and George A. Knight, for appellant.

A. J. Monroe, for respondent.

TEMPLE, J.—This is an appeal by the plaintiff from the judgment and also from the order modifying such judgment. It is the second appeal in the case. (See *Buck v. City of Eureka,* 109 Cal. 504.) In pursuance of the permission given by this court in the judgment rendered in the former appeal, plaintiff filed his second amended complaint seeking compensation upon a *quantum meruit* for services rendered after his term of office had expired.

The defendant answered this amended complaint, and upon the trial plaintiff recovered a verdict for four thousand seven hundred dollars, for which amount judgment was entered. Soon after the entry of the judgment the court ordered it to be modified so as to express on its face that it was to be paid only out of the city revenues of certain years, then long past, and which revenues had presumably been entirely exhausted years before the judgment was rendered. This modification was made by the court upon the idea that it was required by section 18, article XI, of the constitution, which provides that "no city shall incur indebtedness or liability in any manner, or for any purpose, exceeding in any year the income and revenue provided for it for such year," etc. It is also contended that the form of

the judgment is in accord with the decision of this court in *Weaver v. San Francisco*, 111 Cal. 327, and in *Smith v. Broderick*, 107 Cal. 644; 48 Am. St. Rep. 167.

The question as to the form of the judgment was recently before this court in *Higgins v. San Diego*, 118 Cal. 524. In that case, a majority of this court held that in such case the plaintiff was entitled—if he recovered—to an ordinary general judgment, which judgment could not, however, be paid out of the ordinary revenue of any year subsequent to the year in which the liability was incurred. According to that ruling, the qualification added to the judgment by the order appealed from must be stricken out.

It may be doubted, however, whether such a modification will be of any value to the appellant, and he submits and contends that this claim is one of those that may be lawfully paid from the ordinary revenues of a succeeding year. It is argued that the debt due plaintiff was necessarily contracted to meet an emergency which the municipal authorities could not have anticipated, and, therefore, could not have provided a revenue for; nor could they have taken the necessity for such expenditure into consideration when contracting liabilities chargeable upon the revenues of that year. The city was sued to recover damages for injuries caused by a mob. The demand exceeded the income of the city for the year. The authorities, it is said, must defend or allow the city to become bankrupt. It could not have been intended to deprive the city of the power to protect itself against ruin.

It may be denied that the case is as exigent as appellant contends, for the city has an attorney who is presumed to be competent to defend the city, but it cannot be denied that this is a liability incurred by the city. The language of Mr. Justice Miller in *Litchfield v. Ballou*, 114 U. S. 190, answers this suggestion very well. The constitution of Illinois prohibited an indebtedness exceeding five per centum of the value of taxable property. The court said: "It shall not become indebted. Shall not incur any pecuniary liability. It shall not do this in any manner. Neither by bonds or notes, nor by express or implied contract. Nor shall it be done for any purpose. No matter how urgent, how useful, how unanimous the wish."

"If this prohibition is worth anything, it is as effectual as against the implied as the express promise, and is as binding in a court of chancery as a court of law."

If the constitutional restriction is plain, it is not for the court to refuse to obey it because it is unwise or impolitic. If the liability was contracted by the city it is within the inhibition.

I am not sure that this point can be reached in this case. According to the case of *Higgins v. San Diego, supra,* the judgment, whether the claim was one which could be paid out of the revenues of a succeeding year or not, would still be in form a general judgment. The view of the minority in that case was that liabilities incurred in violation of the inhibition were void, but if legally contracted could be paid out of any moneys in the treasury applicable to that class of liabilities without regard to the year's revenue to which such money belonged. If that view of the law had been adopted, the judgment would also have been in form a general judgment. If the judgment must be general, it is difficult to see how it can show whether it is payable only out of the revenues of the current year or not. At all events we must decline to hold that plaintiff's claim is not within the inhibition.

It is ordered that the modification of the judgment as first entered made by the superior court be vacated, and the judgment be allowed to stand as first entered.

Henshaw, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment— that the judgment of the court below must be a general one as first entered. The court below naturally followed the decisions in *Weaver v. San Francisco,* 111 Cal. 327, and one or two other cases; but in *Higgins v. San Diego,* 118 Cal. 524, it was suggested that in the former cases the attention of the court was not called to the fact that an extraordinary revenue might be raised by a vote of the people, or in some other way, for the payment of an indebtedness accruing in a previous year, and that a judgment limiting its satisfaction solely to the revenues of a previous year might embarrass such action. Therefore it was held in the Higgins case that the judgment should be general in form. I see no difficulty in determining out of what revenues any particular

judgment should be paid; the judgment-roll shows the nature
and the time of the accruing of the cause of action. "Merely
putting a demand in the form of a general judgment would not
in any way take it out of the general rule that the ordinary rev-
enues of a future year cannot be applied to the payment of a lia-
bility in a previous year, as held in *Smith v. Broderick,* 107 Cal.
644; 48 Am. St. Rep. 167." (*Higgins v. San Diego, supra.*)